Whaley, Chief Justice,
delivered the opinion of the court:
This case comes to the court on a stipulation of facts by the parties.
It appears therefrom that in March, April, and May of 1939 the defendant shipped cei'tain freight over plaintiff’s railway from El Paso, Texas, to Artesia, Carlsbad, Fort Sumner, Mountainair and Boswell, all destinations being in the State of New Mexico.
Upon completion of the transportation plaintiff presented its bills therefor to the defendant for payment. Defendant’s officers refused payment of the bills in full and instead paid lesser amounts.
These underpayments are the difference between higher changes as calculated in plaintiffs’ tariffs Nos. 15200-A (I. C. C. No. 13058), 14230-D (I. C. C. No. 12829), and 15500-A (I. C. C. No. 12888), without resort to’supplement No. 4 of tariff No. 15500-A, and lower charges calculated by a, resort to such supplement. The supplement published certain maximum rates which could not be exceeded.
In making the underpayments defendant’s officers relied on a paragraph in supplement No. 4 that the, rates named therein (used by defendant’s officers) between El Paso, Texas, and Hurley, N. M., would apply as maximum on shipments of similar character at New Mexico points, Rincon to Faywood, inclusive (index Nos. 3818 to 4068, inclusive) .
Bincon and Faywood are between El Paso and Hurley and it is clear enough that rates named in supplement No. 4 from El Paso to Hurley, would be the maximum that could be applied on a shipment of a similar character from *276 El Paso to Faywood or to any station between Rincon and Faywood, notwithstanding any rate that might be named in the principal tariff, which No. 4 supplemented. Supplement No. 4 indicates that these maxima were published “To meet Motor-Truck competition.”
Rincon is north of El Paso and from Rincon there runs westwardly from the main line a branch on which are located Hurley and Faywood.
This branch line is confined to the southwestern corner of New Mexico.
None of the destinations of the Government shipments here involved were on this branch line, but far distant therefrom, in the central, eastern, and southeastern parts of the State. Shipments thereto from El Paso would not pass over any part of the branch line and none of the destinations were between Rincon and Faywood.
In its tariff plaintiff gives its stations serial index numbers. As to the stations herein referred to those numbers, shown in the tariff as “index” numbers, are as follows:

Index

El Paso_ 3854
Artesia_ 4002
Carlsbad-4016
Et. Sumner-. 3928
Mountainair_.
Boswell_ 39S2
Hurley_ _ 4074
Bincon_ 3818
Faywood_ 4068
It will be observed that the index numbers of the destinations Artesia-, Carlsbad, Ft. Sumner, Mountainair, and Roswell, are, as far as numerical order is concerned, between the index numbers of Rincon and Faywood. The index numbers are serially intermediate, but the stations themselves are not intermediate.
It is obvious that rates are based on stations and their geographical location rather than on successive indexes in an artificial numerical series.
Physical situations may not be altogether neglected. The tariff itself does not do so and furnishes a geographical list *277 of stations from wbicb it appears that none of the destinations we are concerned with here are on the branch line extending westwardly from Rincon. The first branch line station (Hatch, No. 4044) starts with a high number, Faywood is No. 4068, and Hurley is No. 4074. It is inconceivable that either rate-makers or interpreters of tariffs do without maps. There is no station between Eincon, whose index number is 3818, and the first station therefrom on the branch line, Hatch, whose index number is 4044, and to lift and place the remote stations of Artesia, Carlsbad, Ft. Sumner, Mountainair, and Roswell between them merely because of their intermediate serial numbers, cannot be accepted as proper tariff construction in the situation we have here. Such construction was manifestly never contemplated in -the publication and filing of the tariff.
The 'note relied upon by the defendant is in Section 1-A of Supplement No. 4 and, omitting marginal reference marks, is in words and figures as follows:
APPLICATION
Classes 1, 2, 3, and 4 BETWEEN El Paso, Tex., and Hurley, N. M., published in Section 1-A will apply as maximum on shipments of similar character at New Mexico points Eincon to Faywood, incl. (Index Nos. 3818 to 4068, inch).
The index number of Rincon is 3818, that of Faywood 4068, and that is all the parenthetical matter can be taken to indicate. It is simply another way of saying; “Rincon (3818) to Faywood (4068), inclusive.”
It is agreed that, in the event rates in Supplement No. 4 are not applicable, there is due plaintiff $1,234.94.
We are of the opinion that the rates in Supplement No. 4 are not applicable. Judgment will be entered for the plaintiff in the sum of $1,234.94. It is so ordered.
Madden, Judge; Jones, Judge; Whitaker, Judge; and Littleton, Judge, concur.